UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4820

JERRY A. BOOKER, a/k/a Moon,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-98-452)

Submitted: April 13, 2000

Decided: April 21, 2000

Before WIDENER and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Gordon D. Kromberg, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to the terms of a written plea agreement, Jerry A. Booker pled guilty to conspiracy to possess and distribute crack and powder cocaine, 21 U.S.C.A. § 846 (West 1999), and conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West Supp. 1999). The district court imposed sentence on April 2, 1999. On September 8, 1999, this court granted the parties' joint motion for remand and returned the case to the district court for resentencing. On remand, Booker filed a motion to withdraw his guilty plea and a motion for new counsel. He now appeals from the district court's denial of those motions. We affirm.

To determine whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, see Fed. R. Crim. P. 32(e), the court considers the factors discussed in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In considering these factors, we closely scrutinize the Federal Rule of Criminal Procedure 11 colloquy and if the proceeding is adequate, attach "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992); see United States v. Puckett , 61 F.3d 1092, 1099 (4th Cir. 1995).

A review of the transcript of Booker's Rule 11 colloquy demonstrates that the district court was within its discretion in denying Booker's motion to withdraw his guilty plea. Booker, under oath, asserted that he read, understood, and reviewed with counsel the indictment, the plea agreement, and the statement of facts. He stated that no one--including his attorney--had promised or suggested that he would receive a lighter sentence by pleading guilty and no promises or threats induced his plea. He also understood that his sentence would be at least ten years. Booker denied any claim of innocence of the offenses and asserted that he was satisfied with the representation his attorney had provided.

Booker's statements during the Rule 11 colloquy constitute strong evidence of the voluntariness of his plea. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991); see also Blackledge v.

2

Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a srong presumption of verity."). Also, Booker makes no claim that he is innocent, and his motion to withdraw his plea was not filed until nine months after he entered his guilty plea. We find that the district court appropriately considered the factors set forth in Moore and did not abuse its discretion in denying Booker's motion to withdraw his guilty plea. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

Booker requested new counsel on the same bases for which he sought withdrawal of the plea. The motion for new counsel was untimely filed nine months after Booker entered his guilty plea. Also, the district court inquired of Booker about the discrepancies between his statements at the Rule 11 hearing and his statements in his request for new counsel. He allowed Booker to explain his position on the record. Lastly, we find that the conflict between counsel and Booker did not result in a lack of communication nor did it prevent Booker's presentation of a defense. See United States v. DeTemple, 162 F.3d 279, 288 (4th Cir. 1998) (discussing factors court should consider); cert. denied, 119 S. Ct. 1993 (1999). We therefore find no abuse of discretion by the district court in denying Booker's motion for new counsel. See Morris v. Slappy, 461 U.S. 1, 13-14 (1983); United States v. Burns, 990 F.2d 1426, 1437-38 (4th Cir. 1993).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3